UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| EDWARD ARNOLD, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6: 16-42-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| J. C. HOLLAND, Warden, | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Edward Arnold is a prisoner confined at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without an attorney, Arnold has filed an original and supplemental petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 contending that the Bureau of Prisons ("BOP") has not properly treated his federal sentence as fully concurrent with his prior state sentence. [R. 1, 4] Arnold has paid the filing fee. [R. 9]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Arnold's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

On May 27, 2005, Arnold was arrested by Covington police in possession of crack cocaine. Arnold was on parole from a prior state conviction at the time, and that parole was

revoked on June 15, 2005. [R. 1-1 at 3; R. 4-1 at 1] While in state custody, on July 13, 2005, a federal grand jury issued an indictment charging Arnold with possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). Arnold was taken into federal custody pursuant to a writ of habeas corpus *ad prosequendum* on July 22, 2005. Arnold pled guilty to the charge, and on January 20, 2006, the Court sentenced Arnold to a 188-month term of imprisonment "to run concurrently to defendant's imprisonment under any previous state sentence." Arnold was then returned to state custody where he served his state parole revocation sentence until November 1, 2006, at which time he was transferred to federal custody to serve out the remainder of his federal sentence. [R. 1-1 at 2, 3; R. 4-1 at 4]; see also *United States v. Arnold*, No. 05-CR-52-DLB-1 (E.D. Ky. 2005) [R. 1, 3, 6, 20 therein.]

Arnold argued to the BOP that the federal court's order for his federal sentence to run concurrently with "any previous state sentence" entitles him to credit against his federal sentence commencing from May 27, 2005 - the day he was arrested by state authorities - to January 20, 2006, the day his federal sentence was imposed. The BOP rejected that argument, noting that under 18 U.S.C. § 3585(a), Arnold's sentence began on the day it was imposed, and prior custody credits under 18 U.S.C. § 3585(b) were not available because the days for which Arnold sought credit had already been applied in satisfaction of his state parole revocation sentence. [R. 1-1 at p. 3] In his petition, Arnold repeats his request for prior custody credits from May 27, 2005 to January 20, 2006. [R. 4 at 5, 8]

Calculation of a federal prisoner's sentence, including both its commencement date and any credits for custody before the sentence is imposed, is determined by federal statute:

> (a)   A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b)   A defendant shall be given credit toward the service of a term of

>imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
>>(1)  as a result of the offense for which the sentence was imposed; or
>>
>>(2)  as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
>that has not been credited against another sentence.

18 U.S.C. § 3585.  The BOP implements § 3585 through Program Statement 5880.28.

Section 3858(a) establishes when a federal sentence commences.  If a federal sentence is ordered to run concurrently with pre-existing state sentence, the federal sentence begins to run when the federal sentence is imposed.  Cf. *Doan v. Lamanna*, 27 F. App'x 297, 299 (6th Cir. 2001).  Thus, Arnold's federal sentence began to run on January 20, 2006.

Section 3585(b) determines whether a defendant can obtain credit for time spent in custody before the federal sentence begins.  Here, Arnold claims entitlement to credit for the time he spent in state custody between May 27, 2005 and January 20, 2006 on the ground that the federal trial court ordered that his federal sentence should run concurrently with "any previous state sentence."

There are only two ways a federal prisoner can receive credit for time spent in detention before a federal sentence is imposed:

>Backdating a federal sentence [to commence prior to its imposition] conflicts with 18 U.S.C. § 3585(a), which states that a federal prison term may commence only when the defendant is received into custody. Furthermore, the term "credit" can refer to different concepts. The award of "credit" against a sentence, as described under 18 U.S.C. § 3585(b), is within the exclusive authority of the BOP. In contrast, a court has authority, pursuant to Guidelines § 5G 1.3(c), to fashion a sentence that accounts for time already served, and "credit for time served on a pre-existing state sentence is within the exclusive power of the sentencing court." The Guidelines caution sentencing courts that, "[t]o avoid confusion with the Bureau of Prisons' exclusive authority provided under 18 U.S.C. § 3585(b) to grant credit ... any downward departure under application note [3(E) in § 5G1.3] be clearly stated ... as a downward departure pursuant to § 5G 1.3(c), rather than as a credit for time served."

*United States v. Gaskins*, 393 F. App'x 910, 914 (3d Cir. 2010) (citations and internal quotation marks omitted).  Here, the trial court ordered Arnold's federal and state sentences to run concurrently, but "even where a sentencing court orders a federal sentence to run concurrently with a pre-existing state sentence, the federal sentence is deemed to run concurrently only with the *undischarged* portion of the prior state conviction."  *Belcher v. Cauley*, No. 0: 08-132-HRW, 2009 WL 464932, at *2-3 (E.D. Ky. Feb. 24, 2009) (noting that § 3585(a) bars a district court from ordering a federal sentence to commence prior to its imposition); see *also Pitman v. U.S. Bureau of Prisons*, No. 09-383-GFVT, 2011 WL 1226869 (E.D. Ky. Mar. 30, 2011) (same).

The trial court's order for concurrent sentences therefore did not and could not cause Arnold's federal sentence to commence retroactive to the date his state sentence was imposed, let alone to the date of his arrest by Covington police.  *Cf. Morales v. Zenk*, 414 F. App'x 383, 386-87 (3d Cir. 2011); *Schleining v. Thomas*, 642 F. 3d 1242, 1244 (9th Cir. 2011); *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980) ("[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.").  Further, because Kentucky had already credited the period from May 27, 2005, to January 20, 2006, against his state sentence [R. 1-1 at p. 3], the express terms of § 3585(b) prevent those days from being "double counted" against his federal sentence.  *United States v. Wilson*, 503 U.S. 329, 335, 337 (1992) ("[A] defendant [can] not receive a double credit for his detention time" under § 3585(b)); *United States v. Lytle*, 565 F. App'x 386, 392 (6th Cir. 2014) ("Time which has been credited towards service of a state sentence may not be 'double counted' against a federal sentence."); *Dunlap v. Ives*, No. 11-271-GFVT, 2012 WL 1711379, at *3 (E.D. Ky. May 15, 2012).  Arnold has therefore received the full measure of sentence credits to which he is entitled.

Accordingly, **IT IS ORDERED** that:

    1.    Petitioner Arnold's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

    2.    This action is **DISMISSED** and **STRICKEN** from the Court's docket.

    3.    Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 13th day of June, 2016.

Gregory F. Van Tatenhove
United States District Judge